UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03929-FWS (SK) | Date | June 8, 2023 |
|---|---|---|---|
| Title | Kurtis King v. People of The State of California | | |

| Present: The Honorable | Steve Kim, United States Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In late April 2023, Petitioner constructively filed a petition under 28 U.S.C. § 2254, challenging his December 2019 California state conviction for first degree murder. Petitioner raises claims for judicial misconduct and ineffective assistance of counsel. (ECF 1 at 3; ECF 1-1 at 9). The petition is deficient on its face for at least two reasons.

First, Petitioner has named the wrong respondent in "the People of the State of California." The "proper respondent [in a federal habeas petition] is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004). Unless Petitioner names the correct respondent, the Court lacks jurisdiction over the petition. *See id*. at 442.

Second, even if Petitioner named the right respondent (in an amended petition), the claims in that petition cannot ordinarily be reviewed in federal court unless all claims have first been exhausted—that is, presented to the California state courts through either a complete round of direct appeals or state habeas proceedings. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Yet Petitioner appears never to have raised—in any California state court—his ineffective assistance of counsel claim.[1] (ECF 1-1 at 9–10, 24; *see* direct appeal in Case No. B309425; denial of petition for review in Case No. S74920). So long as his federal petition contains even one unexhausted claim, it is subject to dismissal for lack of complete exhaustion as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269, 274–75 (2005).

---

[1] *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (federal courts may take judicial notice of public dockets for state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03929-FWS (SK) | Date | June 8, 2023 |
|---|---|---|---|
| Title | Kurtis King v. People of The State of California | | |

For these reasons, Petitioner is **ORDERED TO SHOW CAUSE** on or before **Wednesday, July 5, 2023**, why the Court should not dismiss the petition for lack of jurisdiction and failure to exhaust state court remedies.  To discharge this order, Petitioner must (1) file an amended petition naming the right respondent; and (2) prove that he has exhausted his claims in state court (or should be excused from the exhaustion requirement for a valid legal reason).  On the other hand, if Petitioner no longer wishes to pursue this action for any reason, he may voluntarily dismiss the action using the attached Notice of Voluntary Dismissal Form CV-09.  *See* Fed. R. Civ. P. 41(a).  But if Petitioner files no notice of voluntary dismissal, an amended petition that cures the procedural defects outlined here, or some other timely response to this order, the petition may be involuntarily dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

To be clear, nothing in this order prevents Petitioner from still trying to present any unexhausted claim to the California state courts; it is possible he could even secure relief that way in a state court without need to resort to a federal petition.  Whether such an effort would be considered procedurally proper or timely is a different matter, though, and something that the Court cannot comment on since it would constitute inappropriate substantive legal advice.  Nor can the Court advise one way or the other whether Petitioner should seek a stay of this action while trying to exhaust any claims in state court.  But there are all items that Petitioner may wish to consider in deciding how to respond to this order.

IT IS SO ORDERED.